IN RE DISQUALIFICATION OF JACKSON.

JONES *v.* JONES.

[Cite as *In re Disqualification of Jackson* (1996), 77 Ohio St.3d 1248.]

(No. 96–AP–081—Decided July 11, 1996.)

MOYER, C.J. This affidavit of disqualification was filed by Karen Bond Coriell, counsel for plaintiff, Sheri M. Jones, seeking the disqualification of Judge S. Farrell Jackson from further proceedings in the above-captioned case.

Affiant is counsel for the plaintiff in a domestic relations action who seeks the disqualification of Judge Jackson from further proceedings in this matter. Affiant contends that Judge Jackson should be disqualified because he served with defendant Jeffrey K. Jones on the Fairfield County Children Services Board and with counsel for the defendant on a committee that drafted local rules of court for the domestic relations division in Fairfield County. Affiant further cites several legal rulings, including a sanction for failing to provide discovery and the denial of a continuance, that she claims are further evidence of Judge Jackson's bias and prejudice against her and her client.

R.C. 5153.08 establishes the membership of a county children services board and makes the juvenile court judge of the county or his designee a member of that board. Other members of the children services board are appointed by the board of county commissioners or serve *ex officio*. The General Assembly has determined that the expertise of the juvenile court judge or his designee is valuable to the work of a children services board, and service on a board such as this is sanctioned under Canon 4C of the Code of Judicial Conduct. Absent extraordinary circumstances, I cannot conclude that the mere fact that a judge served on a county children services board disqualifies him from presiding over unrelated proceedings in which a member of the board is a party. See *In re Disqualification of Morley* (1994), 74 Ohio St.3d 1265, 657 N.E.2d 1363.

Similarly, the service with an attorney on a volunteer committee to draft local rules of court does not mandate a judge's disqualification from cases involving

that attorney. Cooperation between the bench and bar on matters of mutual concern is imperative to the effective and efficient administration of justice. See Commentary to Canon 4 of the Code of Judicial Conduct. This cooperation manifests itself in many forms in statutory commissions, bar and judicial association committees, and informal committees such as the one at issue here. This essential cooperation would be lost, and our system of justice would suffer as a result, if judges were forced to recuse themselves from cases based solely on their service on committees consisting of members of the bench and bar.

The balance of the affidavit of disqualification relates to legal rulings made by Judge Jackson or his magistrate during the pendency of this case. Disagreement or dissatisfaction with legal rulings is not grounds for disqualification. *In re Disqualification of Murphy* (1988), 36 Ohio St.3d 605, 522 N.E.2d 459.

For these reasons, the affidavit of disqualification is found not well taken and is denied.