IN RE DISQUALIFICATION OF FLANAGAN.

ZAVARELLA-CIRCELLI *v*. CIRCELLI.

[Cite as *In re Disqualification of Flanagan,*

127 Ohio St.3d 1236, 2009-Ohio-7199.]

*Judges — Affidavit of disqualification — Disqualification ordered.*

(No. 09-AP-097 — Decided November 4, 2009.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County Court of Common

Pleas, Domestic Relations Division, Case No. DR-08-321203.

_____

MOYER, C.J.

{¶ 1} Joseph A. Circelli has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking the disqualification of Judge Timothy M. Flanagan from further proceedings in case No. DR-08-321203, in the Domestic Relations Division of the Court of Common Pleas of Cuyahoga County.

{¶ 2} Circelli alleges that Judge Flanagan has an interest in the outcome of the underlying action and is biased against him and in favor of plaintiff and her counsel. Specifically, Circelli claims that Judge Flanagan used the threat of criminal prosecution to force him to agree to a grossly unfair divorce settlement. According to Circelli, his former attorney met with plaintiff's counsel and Judge Flanagan in the judge's chambers on July 21, 2009. Circelli maintains that during this meeting, the judge and plaintiff's counsel told his attorney that Circelli would be indicted unless he agreed to settlement terms dictated by plaintiff's counsel. Circelli states that he reluctantly agreed to settle the case under fear and duress.

{¶ 3} Judge Flanagan has responded in writing to the affidavit of disqualification. The judge expressly denies that he ever threatened criminal prosecution to effect a settlement in this case. Judge Flanagan also states that at

no time in his presence did plaintiff's counsel do so. The judge avers that during the trial of the underlying action, he concluded that Circelli had committed perjury. According to the judge, he decided to report Circelli's perjured testimony to the prosecutor at the conclusion of trial, and he advised counsel of his intent during the July 21 conference. Judge Flanagan states that he ultimately decided not to report the matter because he was concerned that Circelli "had never been advised of his Fifth Amendment right against self-incrimination" and that "any prosecution of [Circelli] would provide him with an excuse not to comply" with the divorce settlement.

{¶ 4} Circelli makes serious allegations of misconduct involving Judge Flanagan and plaintiff's counsel in this case. Yet he offers no third-party affidavits or any other compelling evidence to support these claims. Allegations that are based solely on hearsay, innuendo, and speculation – such as those alleged here – are insufficient to establish bias or prejudice. See *In re Disqualification of Walker* (1988), 36 Ohio St.3d 606, 522 N.E.2d 460 (vague, unsubstantiated allegations are insufficient to establish bias or prejudice).

{¶ 5} Nevertheless, I find that Judge Flanagan's disqualification is warranted because there appears to be a significant likelihood that the judge may be called to testify in subsequent proceedings about his actions in this case. Circelli currently has pending before Judge Flanagan a motion to vacate the judgment entry approving the disputed settlement. The primary basis for the motion to vacate is Circelli's allegation that the judge and plaintiff's counsel forced him to settle by threatening him with prosecution. Circelli's motion alleges that the threat was made in Judge Flanagan's chambers and that it was Judge Flanagan who first threatened Circelli with prosecution. Moreover, there is no dispute here that Judge Flanagan met with counsel in chambers and stated his intent to report Circelli's perjured testimony to the prosecutor. Thus, although the record before me does not establish that Judge Flanagan engaged in the alleged

misconduct, it does appear that he possesses evidence that is material to the motion to vacate.

{¶ 6} Based on the foregoing, I am compelled to order Judge Flanagan's disqualification from further proceedings in this case. See *In re Disqualification of Bond* (2001), 94 Ohio St.3d 1221, 763 N.E.2d 593 (disqualification ordered where it appeared that the judge would be called to testify). The Cuyahoga County Court of Common Pleas shall assign the case to another judge of the Domestic Relations Court.

_____