[Cite as *In re Disqualification of Moorehead,* 135 Ohio St.3d 1314, 2013-Ohio-2080.]

IN RE DISQUALIFICATION OF MOOREHEAD.

IN RE E.H.

[Cite as *In re Disqualification of Moorehead,* 135 Ohio St.3d 1314, 2013-Ohio-2080.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Allegations based solely on speculation or innuendo are insufficient to establish bias or prejudice—Affidavit denied.*

(No. 13-AP-021—Decided April 10, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Guernsey County Court of Common Pleas, Juvenile Division, Case No. 07JG00426.

_____

**O'CONNOR, C.J.**

**{¶ 1}** A.H., the mother of the child at issue in the underlying custody case, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Robert S. Moorehead Jr. from presiding over any further proceedings in case No. 07JG00426, now pending in the Juvenile Division of the Court of Common Pleas of Guernsey County.

**{¶ 2}** A.H. alleges that the child's father, S.H., has affiliations with the Guernsey County community and the juvenile court that have given him an advantage in the custody proceeding and have created an appearance of impropriety.

**{¶ 3}** Judge Moorehead has responded in writing to the allegations in A.H.'s affidavit. He denies any bias or prejudice against A.H. and pledges to decide her pending motion on the law and facts in evidence.

**{¶ 4}** For the following reasons, no basis has been established to order the disqualification of Judge Moorehead.

**{¶ 5}** Most of A.H.'s allegations are based on speculation, and she fails to explain how other allegations demonstrate judicial bias. For example, she claims that Judge Moorehead is dissatisfied with letters that she has submitted to the editor of a local newspaper, and she similarly alleges that her participation in a local parenting group has put her in disfavor with the judge. Yet A.H. has not cited any conduct on the part of Judge Moorehead to support her suspicions. Allegations that are based solely on speculation and innuendo, such as those here, are insufficient to establish bias or prejudice. *In re Disqualification of Flanagan*, 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 4. A.H. also states that a magistrate of another division in the common pleas court and S.H. were mentioned in a community group's meeting minutes, and she claims that Judge Moorehead attended a "Women Interested in Children" event in 2010. But A.H. has not further explained how these allegations demonstrate that Judge Moorehead is partial to S.H. in the underlying custody case. "This and other vague, unsubstantiated allegations of the affidavit are insufficient on their face for a finding of bias or prejudice." *In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988).

**{¶ 6}** Only one allegation in the affidavit is a cause for concern: that Judge Moorehead and S.H. were on the "leadership team" of the Guernsey County Fatherhood Initiative, a group co-founded by S.H. In this claim, A.H. does not allege that Judge Moorehead's connection to the group itself demonstrates bias or that the group's purpose is somehow inconsistent with the judge's duty to rule fairly and impartially. She instead argues that S.H.'s affiliations with the Guernsey County Fatherhood Initiative cause an appearance of bias or impropriety on the part of Judge Moorehead. "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the

2

judge's impartiality." *In re Disqualification of Lucci*, 117 Ohio St.3d 1242, 2006-Ohio-7230, 884 N.E.2d 1093, ¶ 8. "Generally, the more intimate the relationship between a judge and a person who is involved in a pending proceeding, the more acute is the concern that the judge may be tempted to depart from expected judicial detachment or to reasonably appear to have done so." *In re Disqualification of Shuff*, 117 Ohio St.3d 1230, 2004-Ohio-7355, 884 N.E.2d 1084, ¶ 6.

{¶ 7} Judge Moorehead states that he had a "very modest participation in the formation of the Fatherhood Initiative," claiming that he "listened in on two (2) noon time conference calls." Further, when S.H. and the other founding members were identified, Judge Moorehead asserts that he had "no further contact with the Fatherhood Initiative, so as to avoid an appearance of an impropriety." The judge also explains that he "has no personal or business relationship with any of the parties." On this record, the well-informed, disinterested observer would not question Judge Moorehead's impartiality solely because he participated in the formation of the county Fatherhood Initiative before he discovered that S.H. was a founding member. *See In re Disqualification of Jackson*, 77 Ohio St.3d 1248, 674 N.E.2d 358 (1996) (absent extraordinary circumstances, the mere fact that the judge in a domestic relations action served on a county children services board with a party to the underlying case did not require disqualification).

{¶ 8} Accordingly, given the attenuated link between Judge Moorehead and S.H., given Judge Moorehead's assurances that he will decide the remaining issues in the custody action based on the law and facts before him, and given A.H.'s failure to clarify how Judge Moorehead's past participation in the Fatherhood Initiative now requires his disqualification, the affidavit is not well taken. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-

Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome here.

**{¶ 9}** For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Moorehead.

———————————