IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on May 28, 2013

## STEVE VAN DUYN d/b/a STEVE'S OLD JUNK v. ELECTRONIC INNOVATIONS, LLC, et al.

**Appeal from the Chancery Court for Greene County**
No. 20090021     Thomas J. Wright, Judge Sitting by Interchange

**No. E2013-01167-COA-10B-CV - Filed June 10, 2013**

This is an interlocutory appeal as of right pursuant to Tennessee Supreme Court Rule 10B from the denial of a motion to recuse the trial court judge from presiding over a civil action in which one of the Defendants served on a non-profit board with the trial court judge. Having reviewed the Plaintiff's petition for recusal appeal pursuant to Rule 10B of the Rules of the Tennessee Supreme Court, we affirm the Trial Court's denial of the motion to recuse.

**Tenn. Sup. Ct. Rule 10B Interlocutory Appeal as of Right;
Judgment of the Chancery Court Affirmed**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and JOHN W. MCCLARTY, J.J., joined.

Ricky Lee McVey, II, Kingsport, Tennessee, for the appellant, Steve Van Duyn.

David E. Waite and Beverly D. Nelms, Knoxville, Tennessee, for the appellee, Ronald Jones, individually and as trustee of the Ronald Jones Revocable Living Trust.

**OPINION**

This appeal arises out of a civil action in which one of the Defendants, Ronald Jones, served on the Board of Trustees of Holston United Methodist Home for Children ("Holston Home") with Thomas J. Wright ("the Judge") who was designated to preside over the case. At a motions and status hearing in the case held in early April of 2013, the Judge confirmed with counsel for the parties that the Defendant, Ronald Jones, was the same Ronald Jones who served on the Board of Trustees of Holston Home. Pursuant to Rule 2.11(C) of the Code of Judicial Conduct as set forth in Rule 10 of the Rules of the Supreme Court of

Tennessee,[1] the Judge disclosed to the parties and their attorneys that he too served on the Board of Trustees of Holston Home with Mr. Jones. The Judge advised the parties and their attorneys that the Board meets quarterly, that the Judge was not socially acquainted with Mr. Jones, and that the Judge was not sure he had ever met Mr. Jones prior to serving on the Board with him. The Judge further advised the parties and their attorneys that he knew nothing about Mr. Jones' business interests other than the fact that Mr. Jones had a powder-coating business which had been sold to the John Deere Company. The Judge also disclosed on the record that he recalled having the following brief conversational exchange with Mr. Jones at the last Holston Home Board meeting:

> Mr. Jones: I guess you are staying really busy.
> Judge: Not too bad, I can't seem to get anyone to try a jury trial lately.
> Mr. Jones: I've got a case that's been pending for years that I'd like to get tried.
> Judge: What court is it pending in?
> Mr. Jones: Chancery Court.
> Judge: You should have filed it in Circuit.

It should be noted that the Judge is a Circuit Court judge sitting by special designation as a Chancellor in Chancery Court for the last week of June 2013, when the present case is on the trial docket. However, the Judge advised the parties and their attorneys during his disclosure at the April 2013 hearing that he knew nothing about the facts of this case and that he and Mr. Jones never discussed the identity, facts or merits of the case during their brief conversational exchange. The Judge advised the parties and their attorneys that he did not believe recusal was necessary in this case. Nevertheless, in an abundance of caution, the Judge entered an order establishing a deadline for the filing of any motion to recuse him from the case based upon his membership on the Holston Home Board with Mr. Jones. The Judge deferred ruling on any and all pending motions until the recusal issue was resolved.

Counsel for the Plaintiff, Steve Van Duyn, subsequently filed a motion to recuse the Judge. Counsel asserted in his motion that even if the Judge's membership on the same board with Mr. Jones did not create any actual bias or prejudice on the part of the Judge, it did create the appearance of bias or prejudice such that recusal was required pursuant to Canons 1 and 3 of the Code of Judicial Conduct and article VI, section 11 of the Constitution of the State of Tennessee. In response to the motion, counsel for Mr. Jones argued that the

---

[1]The Code of Judicial Conduct was revised to consist of four Canons and numbered Rules under each Canon, as set forth in Rule 10 of the Rules of the Supreme Court of Tennessee, effective July 12, 2012. As a result, the citations to the Code in this opinion may appear different from those in prior opinions of the appellate courts of Tennessee.

Judge's mere service with Mr. Jones on the Holston Home Board, without more, was insufficient to support an objective determination by the Judge that "'a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" Bean v. Bailey, 280 S.W.3d 798, 805 (Tenn. 2009) (quoting Davis v. Liberty Mut. Ins. Co., 38 S.W.3d 560, 564 (Tenn. 2001)).

By written order entered on May 9, 2013, the Judge denied the motion to recuse. In the order, the Judge noted that during the pendency of the motion to recuse he had resigned from the Holston Home Board for reasons unrelated to the pending motion to recuse. Specifically, the Judge explained,

> [Pursuant to a settlement agreement to which the State of Tennessee Department of Children's Services ("DCS") was a party,] contracting agencies with the State are required to have boards that are free of any potential conflict of interest involving decision makers in the placement of children who are in State's custody. This provision precludes juvenile judges from serving on the boards of contracting agencies. Holston Home is a contracting agency which provides residential placements for children in state custody. The conflict of interest requirement applies to Holston Home. As a Circuit Court Judge I have annually certified that I do not have such a conflict of interest but that the possibility existed of presiding over a juvenile appeal in which a child was placed at Holston Home. With that caveat and my promise to recuse if a case ever involved a child placed in Holston Home, or consideration of such a placement, my board service had previously been allowed by DCS. This year the department called to notify Holston Home's CEO that they could not maintain their current contract with Holston Home so long as I was serving on the board. I promptly resigned.

The Judge further stated in his order that he and Mr. Jones had been members of the Holston Home Board "for only a little more than a year, during which time they were both in attendance at a board meeting on only three occasions." The Judge affirmatively stated in the order that he and Mr. Jones had not served on any committees together while they were both members of the Board. Based upon these facts, the Judge concluded that "there no longer appears to be any basis for possibly questioning [his] impartiality or bias in presiding over a case involving Mr. Jones." As such, the Judge denied the motion and once again affirmed that he had no knowledge of the case or Mr. Jones' business dealings and that he had no personal relationship with Mr. Jones such that his decisions as a judge "will be completely impartial, without favor to [either party], and based solely upon the facts and the law."

On timely appeal to this Court, the Plaintiff argues that "ceasing to serve" on the Holston Home Board did not remedy "the original issue" of the appearance of bias or prejudice created by the Judge's prior service on the Board with Mr. Jones. The Plaintiff asks that we reverse the Judge's order and order recusal of the Judge.

## ANALYSIS

Appeals from orders denying motions to recuse or disqualify a trial court judge from presiding over a case are governed by Rule 10B of the Rules of the Supreme Court of Tennessee. Pursuant to section 2.01 of Rule 10B, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal of a trial court judge. The appeal is commenced by filing a "petition for recusal appeal" with the appropriate appellate court. Tenn. Sup. Ct. R. 10B, § 2.02. The petition for recusal appeal "shall be accompanied by copies of any order or opinion [of the trial court] and any other parts of the record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03. "If the appellate court, based upon its review of the petition and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court." Tenn. Sup. Ct. R. 10B, § 2.05. Rule 10B goes on to provide that "[t]he appeal shall be decided by the appellate court on an expedited basis upon a de novo standard of review. The appellate court's decision, in the court's discretion, may be made without oral argument." Tenn. Sup. Ct. R. 10B, § 2.06.

We have determined in this case after a review of the petition and supporting documents submitted with the petition that an answer, additional briefing, and oral argument are unnecessary to our disposition because the record provided by the Plaintiff does not demonstrate error by the Judge in the denial of the motion to recuse. As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of Rule 10B.

We note at the outset that this is not a case in which recusal was sought or required on the basis of actual personal bias or prejudice on the part of the Judge. Without question, "[t]he right to a fair trial before an impartial tribunal is a fundamental constitutional right." Bean v. Bailey, 280 S.W.3d 798, 803 (Tenn. 2009) (quoting State v. Austin, 87 S.W.3d 447, 470 (Tenn. 2002)). Article VI, section 11 of the Tennessee Constitution states,

> No Judge of the Supreme or Inferior Courts shall preside on the trial of any cause in the event of which he may be interested, or where either of the parties shall be connected with him by affinity or consanguinity, within such degrees

as may be prescribed by law, or in which he may have been of counsel, or in which he may have presided in any inferior Court, except by consent of all the parties.

This constitutional right "is intended 'to guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court had reached a prejudged conclusion because of interest, partiality, or favor.'" Id. (quoting Austin, 87 S.W.3d at 470). By statute, the Legislature has delineated those circumstances in which recusal is constitutionally required. See Tenn. Code Ann. § 17-2-101.

In this case, recusal was sought on the basis that the Judge's membership with Mr. Jones on the Holston Home Board of Trustees created the appearance of bias or prejudice on the part of the Judge. "[P]reservation of the public's confidence in judicial neutrality requires not only that the judge be impartial in fact, but also that the judge be perceived to be impartial." Kinard v. Kinard, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998); see also Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13, 99 L.Ed. 11 (1954) (holding that "justice must satisfy the appearance of justice"). As such, Rule 2.11(A) of the Code of Judicial Conduct as set forth in Rule 10 of the Rules of the Supreme Court of Tennessee requires a judge to recuse himself or herself "in any proceeding in which the judge's impartiality might reasonably be questioned." In other words, even if a judge subjectively believes he or she can be fair and impartial, the judge still must recuse himself or herself upon request whenever "'the judge's impartiality might be reasonably questioned because the appearance of bias is as injurious to the integrity of the judicial system as actual bias.'" Smith v. State, 357 S.W.3d 322, 341 (Tenn. 2011) (quoting Bean, 280 S.W.3d at 805).

"[A] judge should not decide to recuse unless a recusal is truly called for under the circumstances." Rose v. Cookeville Reg'l Med. Ctr., No. M2007-2368-COA-R3-CV, 2008 WL 2078056, * 2 (Tenn. Ct. App. May 14, 2008). This is true because "'[a] judge has as much of a duty not to recuse himself absent a factual basis for doing so as he does to step aside when recusal is warranted.'" Id. at *2-3 (quoting Mass v. McClenahan, No. 93 Civ. 3290(JSM), 1995 WL 106106, * 1 (S.D.N.Y. Mar. 9, 1995). Recusal based upon an asserted appearance of bias or prejudice "'is appropriate only if the facts provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality.'" Id. at *3 (quoting In re United States, 666 F.2d 690, 695 (1st Cir. 1981)).

There are no facts alleged or shown in the record that would lead a well-informed, disinterested observer to question the impartiality of the Judge in this case. Plaintiff does not dispute the Judge's assertions that he never socialized with Mr. Jones and knew nothing

about Mr. Jones' business interests. Plaintiff also does not dispute the Judge's assertions that he knew nothing about the identity, facts or circumstances of this case other than Mr. Jones' one brief, vague conversational reference the substance of which was disclosed to the parties and counsel on the record at the April 2013 hearing. Plaintiff does not dispute that the Judge and Mr. Jones were members of the Holston Home Board "for only a little more than a year, during which time they were both in attendance at a board meeting on only three occasions." It also is undisputed that the Judge no longer serves on the board in question. On these facts, it cannot be argued that the Judge had a duty to recuse himself from presiding over the proceedings below. See, e.g., In re Disqualification of Jackson, 674 N.E.2d 358 (Ohio 1996) (determining that, absent extraordinary circumstances, the mere fact that a judge served on a county children's services board with a party to litigation unrelated to the work of the board did not require the judge to recuse himself from presiding over that case).

## CONCLUSION

Having determined that the record provided by the Plaintiff does not demonstrate error, we affirm the Judge's denial of the motion to recuse. The Plaintiff, Steve Van Duyn, and his surety are taxed with the costs of this appeal, for which execution may issue.

_____
D. MICHAEL SWINEY, JUDGE