IN RE DISQUALIFICATION OF CARR.

JACOBSON-KIRSCH *v.* KAFOREY.

[Cite as *In re Disqualification of Carr,* 138 Ohio St.3d 1237, 2013-Ohio-5927.]

*Judges—Affidavit of disqualification—R.C. 2501.13 and 2701.03—Absent extraordinary circumstances, an appellate court judge will not be subject to disqualification when the only matter pending is a motion for reconsideration—At such a late stage, actual bias that undermines the fairness and integrity of the proceeding must be shown.*

(No. 13-AP-124—Decided December 30, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Ninth District Court of Appeals Case No. 26708.

_____

**O'CONNOR, C.J.**

**{¶ 1}** Plaintiff-appellant JoAnn Jacobson-Kirsch has filed an affidavit with the clerk of this court under R.C. 2701.03 and 2501.13 seeking to disqualify Judge Donna J. Carr from presiding over any further proceedings in case No. 26708, pending on Jacobson-Kirsch's application for reconsideration in the Court of Appeals for the Ninth Judicial District.

**{¶ 2}** Jacobson-Kirsch claims that Judge Carr has a "confirmable judicial history of bias favoring" defendant Ellen C. Kaforey and an "unfavorable history towards" Jacobson-Kirsch. In the underlying case, Jacobson-Kirsch has sued Kaforey, who had been appointed to serve as Jacobson-Kirsch's conservator, for allegedly interfering with Jacobson-Kirsch's parental custody rights.

**{¶ 3}** For the reasons explained below, no basis has been established to order the disqualification of Judge Carr.

{¶ 4} As an initial matter, Jacobson-Kirsch has waived her right to object to Judge Carr based on these allegations. An affidavit of disqualification must be filed "as soon as possible after the incident giving rise to the claim of bias and prejudice occurred," and failure to do so may result in waiver of the objection, especially when "the facts underlying the objection have been known to the party for some time." *In re Disqualification of O'Grady*, 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996). Here, Jacobson-Kirsch claims that Judge Carr presided over appellate proceedings involving some of the same parties in 2002 and 2004. Yet Jacobson-Kirsch waited until *after* the court of appeals issued its final decision and entry in the underlying case to file her affidavit of disqualification. Jacobson-Kirsch claims that she did not know that Judge Carr was presiding over her appeal, but in affidavit-of-disqualification proceedings, the affiant has the burden to demonstrate that the affidavit is timely filed. *In re Disqualification of Capper*, 134 Ohio St.3d 1271, 2012-Ohio-6287, 984 N.E.2d 1082, ¶ 11. Jacobson-Kirsch has not further explained how she did not know the identity of the judges deciding her appeal, and on this record, she has waived her right to disqualify Judge Carr based on these allegations.

{¶ 5} Alternatively, even if Jacobson-Kirsch had not waived her objections to Judge Carr, she has not set forth sufficient grounds for disqualification. Absent extraordinary circumstances, an appellate court judge will not be subject to disqualification when the only matter pending is a motion for the court of appeals to reconsider its final decision. To succeed at such a late stage in the proceeding, the affiant must show that the appellate court judge has an actual bias that undermines the fairness and integrity of the proceedings. Here, Jacobson-Kirsch claims that there are some "obvious questions" suggesting judicial bias, but these questions do not establish actual bias.

{¶ 6} First, Jacobson-Kirsch questions whether Judge Carr can fairly preside over the underlying civil matter because the judge presided over

Jacobson-Kirsch's 2002 appeal of her custody case and an unrelated 2004 case that involved Kaforey and garnered "national news." However, "[s]tate and federal courts have been virtually unanimous in holding that—absent a showing of actual bias—a judge who presided over prior proceedings involving one or more parties presently before the court is not thereby disqualified from presiding over later proceedings involving the same parties." *In re Disqualification of Bryant*, 117 Ohio St.3d 1251, 2006-Ohio-7227, 885 N.E.2d 246, ¶ 4. Without more, the fact that Judge Carr heard appeals in two previous proceedings involving Jacobson-Kirsch and Kaforey—and the judge ruled against Jacobson-Kirsch and in favor of Kaforey in those cases—does not show actual bias in the underlying case.

{¶ 7} Second, the fact that all Summit County trial court judges recused themselves from the underlying case does not indicate a bias on behalf of Judge Carr. Jacobson-Kirsch speculates—without providing any evidence to support her speculation—that all Summit County common pleas court judges recused themselves because Kaforey is a "high profile" Summit County attorney who has been appointed as either a guardian or conservator in at least 138 cases. But as noted above, Jacobson-Kirsch has the burden to set forth specific claims of judicial bias. R.C. 2701.03; *see also In re Disqualification of Mitrovich*, 101 Ohio St.3d 1214, 2003-Ohio-7358, 803 N.E.2d 816, ¶ 4 ("An affidavit must describe with specificity and particularity those facts alleged to support the claim of bias or prejudice"). Here, Jacobson-Kirsch has not explained how the same alleged conflict that applied to the common pleas court judges applies to Judge Carr, a judge of the court of appeals. Jacobson-Kirsch's vague and unsubstantiated allegation is insufficient for a finding of actual bias or prejudice. *See In re Disqualification of Flanagan*, 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 4 ("Allegations that are based solely on hearsay, innuendo,

and speculation—such as those alleged here—are insufficient to establish bias or prejudice").

{¶ 8} "The statutory right to seek disqualification of a judge is an extraordinary remedy. * * * A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 9} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Carr.

———————————————