IN RE DISQUALIFICATION OF O'DONNELL.

STATE v. BRELO.

[Cite as *In re Disqualification of O'Donnell,*
142 Ohio St.3d 68, 2014-Ohio-5873.]

(No. 14–AP–082—Decided October 14, 2014.)

O'CONNOR, C.J.

{¶ 1} Patrick A. D'Angelo, counsel for defendant Michael Brelo, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge John P. O'Donnell from presiding over any further proceedings in case No. CR–13–580457A, now pending in the Court of Common Pleas of Cuyahoga County.

{¶ 2} D'Angelo alleges that on September 29, 2014, "out of nowhere, and without consulting with counsel for the parties as to their availability," Judge O'Donnell ordered that trial in the underlying matter would begin on October 22, 2014. D'Angelo moved to continue the scheduled trial date, arguing that he and his co-counsel could not be adequately prepared by that date. According to D'Angelo, Judge O'Donnell denied his request for a continuance, which is "inconsistent" with the judge's practice of scheduling other cases on his docket. D'Angelo states that Brelo's case has attracted unprecedented media attention and he believes that Judge O'Donnell selected the trial date "purely for his own personal gain and personal interest in seeking election in his Ohio Supreme Court judicial race." According to D'Angelo, the media coverage of the trial will provide Judge O'Donnell with "free publicity, and free publication of his name and image" for 13 days leading up to the election. D'Angelo concludes that Judge O'Donnell must be disqualified because he has demonstrated a personal interest in the trial and bias against Brelo by "forcing his case to trial prematurely," solely to enhance his chances for election to the Supreme Court of Ohio.

{¶ 3} Judge O'Donnell has responded to the affidavit in writing, denying any bias or prejudice against Brelo. The judge acknowledges that he set Brelo's case for trial without obtaining defense counsel's approval, contrary to his usual preference to have counsel agree on such matters. Judge O'Donnell notes,

however, that the attorneys could not agree to a trial date in this case. Judge O'Donnell also explained his reasons for scheduling the trial on the date he selected, which are not election-related. Regardless, the judge concludes that because D'Angelo filed the disqualification request, the "trial is not happening on October 22—or any other time before November 4."

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge O'Donnell.

{¶ 5} First, D'Angelo's allegations are moot. D'Angelo's affidavit of disqualification hinges entirely on the allegation that Judge O'Donnell had an "interest" in holding trial within two weeks of the upcoming election. Judge O'Donnell avers, however, that the trial will not take place before the November 4 election. Because the basis for D'Angelo's allegations no longer exists, the affidavit is dismissed as moot.

{¶ 6} Second, even if the trial was to begin on October 22, D'Angelo has not set forth sufficient grounds for disqualification. It is well established that a judge's scheduling of a trial is generally not evidence of bias or prejudice. *See In re Disqualification of Jones,* 135 Ohio St.3d 1224, 2012-Ohio-6308, 985 N.E.2d 503, ¶ 6 ("a judge's scheduling of a trial is within her sound discretion and is not, by itself, evidence of bias or prejudice"). Likewise, a trial court's decision on a motion to continue a trial is not grounds for disqualification. *In re Disqualification of Pontious,* 94 Ohio St.3d 1235, 1236, 763 N.E.2d 603 (2001) ("A judge's decision to grant or deny a party's request for a continuance is within the sound discretion of the judge and is not, by itself, evidence of bias or prejudice"). Indeed, it is not the role of the chief justice in deciding an affidavit of disqualification to second-guess how a trial judge manages his or her docket. *In re Disqualification of Dezso,* 134 Ohio St.3d 1223, 2011-Ohio-7081, 982 N.E.2d 714, ¶ 12. Trial judges are entitled to exercise considerable discretion in the management of the cases on their dockets, and any abuse of that discretion can be remedied on appeal. *In re Disqualification of Sutula,* 105 Ohio St.3d 1237, 2004-Ohio-7351, 826 N.E.2d 297, ¶ 4.

{¶ 7} Finally, D'Angelo has not submitted the type of evidence necessary to overcome the presumption of fairness and impartiality accorded to all judges. *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5 ("A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions"). To support his disqualification request, D'Angelo submitted the dockets of seven cases currently pending before Judge O'Donnell in an attempt to establish that his scheduling of Brelo's trial was inconsistent with his typical trial-scheduling practice. According to D'Angelo, the dockets reflect that the defendants in these cases were arraigned before Brelo was arraigned, but that Judge

O'Donnell freely granted motions to continue and rescheduled the trials in these "non complex criminal cases" to take place after Brelo's trial. D'Angelo maintains that these facts, coupled with the judge's refusal to reschedule Brelo's trial, prove that Judge O'Donnell has manipulated his docket solely to enhance his election prospects, to the detriment of Brelo.

{¶ 8} The case dockets referred to by D'Angelo, however, are not compelling evidence that Judge O'Donnell is biased against Brelo or has a disqualifying interest in his trial. First, contrary to D'Angelo's assertion, Judge O'Donnell did not deny defense counsel's motion to continue the October 22 trial date. During a pretrial hearing in September, the judge deferred ruling on the motion, in part to give attorney D'Angelo an opportunity to supplement his motion to continue the trial. The fact that the motion remains pending undercuts any notion that the judge has treated Brelo's case differently by not agreeing to continue the trial. Second, it is anything but self-evident that a sample of seven cases is representative of the judge's entire docket. Third, even if the scheduling of Brelo's trial was atypical when compared to the cases cited by D'Angelo, it does not automatically follow that Judge O'Donnell was motivated by personal gain and free publicity. Indeed, even a cursory review of the dockets uncovers facts that would distinguish the cases and justify the judge's decision to treat Brelo's case differently. For instance, D'Angelo notes that Judge O'Donnell scheduled and even rescheduled trial dates in these cases after conferring with counsel. The judge also discussed trial dates with counsel in Brelo's case on at least two occasions, but the attorneys here could not agree on a trial date.

{¶ 9} In the end, D'Angelo's affidavit rests entirely on speculation and alleges no factual basis that would require the removal of Judge O'Donnell from Brelo's case. Allegations that are unsubstantiated—such as those alleged here—are insufficient to establish bias or prejudice. *See In re Disqualification of Flanagan*, 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 4; *In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988).

{¶ 10} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge O'Donnell.