IN RE DISQUALIFICATION OF RASTATTER.

THE STATE OF OHIO *v.* RIGEL.

(No. 16–AP–037—Decided May 25, 2016.)

O'CONNOR, C.J.

{¶ 1} Defendant, Nicholas Rigel, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Douglas Rastatter from presiding over any further proceedings in the above-captioned case. Rigel has been indicted on felony drug charges relating to marijuana possession and marijuana-growing operations.

{¶ 2} Rigel claims that Judge Rastatter is biased against him based on Rigel's history with the judge's younger brother. According to Rigel, he and the judge's brother were friends in high school and during that time, they smoked marijuana together. Rigel fears that Judge Rastatter blames him for being a "bad influence" on the judge's younger brother and therefore that the judge may be harboring a "grudge" against him. As evidence of the alleged bias, Rigel claims that Judge Rastatter set an unreasonably high cash bond at Rigel's arraignment.

{¶ 3} Judge Rastatter has responded in writing to the affidavit, denying any bias against Rigel and requesting that the affidavit of disqualification be denied.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Rastatter.

{¶ 5} "Generally, the more intimate the relationship between a judge and a person who is involved in a pending proceeding, the more acute is the concern that the judge may be tempted to depart from the expected judicial detachment or to reasonably appear to have done so." *In re Disqualification of Shuff*, 117 Ohio St.3d 1230, 2004-Ohio-7355, 884 N.E.2d 1084, ¶ 6. Here, Judge Rastatter states that he does not personally know Rigel and that prior to reading Rigel's affidavit of disqualification, the judge was not aware that Rigel and his younger

brother were friends in high school 20 years ago or that they engaged in any delinquent behavior together. The judge further states that he is nine years older than his brother and therefore when his brother was in high school, the judge had already moved away for college and law school. Given Rigel's attenuated link with the judge and his family, the record is insufficient to support the conclusion that Judge Rastatter could be tempted to depart from his expected judicial neutrality. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Rigel has not set forth sufficiently compelling evidence to overcome those presumptions in this case.

{¶ 6} Additionally, Judge Rastatter states that he does not blame anyone "for anything with respect to his [brother's] past and certainly not for any bad influences upon him when he was a teenager some twenty to twenty-five years ago." Accordingly, Rigel's fear that Judge Rastatter may be holding a grudge against him appears to be unfounded or based on speculation, which is insufficient to establish bias or prejudice. *In re Disqualification of Flanagan,* 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 4 ("Allegations that are based solely on hearsay, innuendo, and speculation—such as those alleged here—are insufficient to establish bias or prejudice").

{¶ 7} Finally, Judge Rastatter explains in detail his rationale for determining Rigel's bond amount. Whatever the merits of the judge's decision, Rigel has not established that the judge's conduct was a product of bias or prejudice against him, and it is well established that a party's disagreement or dissatisfaction with a court's rulings—even if those rulings are erroneous—is not grounds for disqualification. *In re Disqualification of Floyd,* 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4.

{¶ 8} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Rastatter.