IN RE DISQUALIFICATION OF MATIA.

THE STATE OF OHIO *v.* NORRIS.

2016-Ohio-8587.]

(No. 16–AP–075—Decided September 6, 2016.)

O'CONNOR, C.J.

{¶ 1} Defendant, Kenneth Norris Jr., through his attorney Michael Cheselka Jr., has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking

to disqualify Judge David T. Matia from presiding over any further proceedings in the above-captioned criminal case, now pending for trial.

{¶ 2} Norris claims that Judge Matia is biased against him and Cheselka based on the judge's actions on February 29, 2016, the original trial date for the underlying case. Judge Matia has responded in writing to the affidavit, denying that he has any animus toward Norris or Cheselka.

{¶ 3} For the reasons explained below, no basis has been established to order the disqualification of Judge Matia.

{¶ 4} First, "[a]n affidavit of disqualification must be filed as soon as possible after the incident giving rise to the claim of bias and prejudice occurred," and failure to do so may result in waiver of the objection, especially when "the facts underlying the objection have been known to the party for some time." *In re Disqualification of O'Grady*, 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996). The affiant has the burden to demonstrate that the affidavit is timely filed. *In re Disqualification of Capper*, 134 Ohio St.3d 1271, 2012-Ohio-6287, 984 N.E.2d 1082, ¶ 11. Here, the events giving rise to Norris's affidavit occurred on February 29, 2016. Yet he waited until August 26, 2016—12 days before the scheduled trial—to file his affidavit of disqualification. As nothing in the record justifies the delay in filing his affidavit, Norris has waived the right to disqualify Judge Matia based on these allegations. *See In re Disqualification of Corrigan*, 91 Ohio St.3d 1210, 741 N.E.2d 137 (2000) (affiant waived objections to judge's participation in case when incidents giving rise to claim of bias occurred "several months prior to the filing of the affidavit" and affidavit was filed "less than three weeks before the scheduled trial").

{¶ 5} Second, even if Norris's objections were not waived, he has failed to set forth sufficient grounds for disqualification. Norris claims that on February 29, Judge Matia orally ordered that Norris proceed to trial with a public defender, rather than Cheselka, as his counsel. Norris further alleges that Judge Matia deliberately chose not to issue an entry regarding this decision, to avoid any possibility of appellate review. To support his allegations, Norris submitted the transcript of the February 29 hearing. The transcript, however, shows merely that Judge Matia determined that Norris had obtained Cheselka as counsel in an attempt to delay the scheduled trial and that therefore, trial would proceed with Norris's formerly assigned counsel. Other than his own speculation, Norris offers no compelling evidence to support his claim that Judge Matia deliberately chose not to journalize an entry to avoid appellate review. "Allegations that are based solely on hearsay, innuendo, and speculation—such as those alleged here—are insufficient to establish bias or prejudice." *In re Disqualification of Flanagan*, 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 4.

{¶ 6} Norris also submitted a February 29 e-mail written by Judge Matia and evidently sent to other judges in the common pleas court. The e-mail referred to the underlying case and sought guidance from other judges on how they would handle Cheselka's courtroom behavior. The Code of Judicial Conduct authorizes judges to consult with other judges, provided that the judge makes reasonable efforts to avoid receiving factual information that is not part of the record and does not abrogate the judge's responsibility to personally decide the matter. *See* Jud.Cond.R. 2.9(A)(3). Based on this record, Norris has not established that Judge Matia's e-mail consulting with other judges was improper or otherwise demonstrated bias or prejudice.

{¶ 7} The disqualification of a judge is an extraordinary remedy. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 8} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Matia.