O'Connor, C.J.
*1244 *848 {¶ 1} Jonathan Rosenbaum, counsel for the defendant, has filed three affidavits pursuant to R.C. 2701.03 seeking to disqualify Judge Frank Janik from presiding over any further proceedings in the above-referenced case.
{¶ 2} Mr. Rosenbaum avers that for various reasons, his client no longer believes that Judge Janik will fairly and impartially preside over the matter. Primarily, Mr. Rosenbaum alleges that the judge's recent rulings and conduct demonstrate that he is punishing the defendant for engaging in a personal relationship with the former guardian ad litem.
{¶ 3} Judge Janik has responded in writing and denies any bias against the defendant. In his response, the judge thoroughly addressed Mr. Rosenbaum's allegations and explained the bases for his recent decisions in the case.
{¶ 4} In disqualification requests, "[t]he term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " In re Disqualification of O'Neill, 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting State ex rel. Pratt v. Weygandt, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). Upon review of Mr. Rosenbaum's affidavits, he has failed to establish that Judge Janik has hostility toward the defendant combined with a fixed judgment on any issue in the underlying case. For example, if Mr. Rosenbaum believes that Judge Janik should have held an evidentiary hearing before deciding the plaintiffs' Civ.R. 60(B) motion, Mr. Rosenbaum may raise that issue on appeal. It is well established, however, that "a judge's adverse rulings, even erroneous ones, are not evidence of bias or prejudice." In re Disqualification of Fuerst , 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 14 ; see also In re Disqualification of Light , 36 Ohio St.3d 604, 522 N.E.2d 458 (1988) ("alleged errors of law or procedure are legal issues subject to appeal and are not grounds for disqualification").
{¶ 5} Similarly, Mr. Rosenbaum's dissatisfaction with the fact that Judge Janik has not yet heard some of the defendants' pending motions does not require the judge's removal. "[I]t is not the role of the chief justice in deciding an affidavit of disqualification to second-guess how a trial judge manages his or her docket." In re Disqualification of O'Donnell , 142 Ohio St.3d 68, 2014-Ohio-5873, 28 N.E.3d 59, ¶ 6. And contrary to the allegations in Mr. Rosenbaum's supplemental *1245 affidavit, Judge Janik's attempt to merely schedule a hearing on defendants' pending motions-contingent on resolution of Mr. Rosenbaum's affidavit of disqualification-does not violate R.C. 2701.03 or demonstrate judicial bias. See R.C. 2701.03(D)(3) and In re Disqualification of Patton , 150 Ohio St.3d 1300, 2017-Ohio-7410, 84 N.E.3d 1034, ¶ 4-5 (explaining that R.C. 2701.03(D)(3) authorizes a judge to undertake ministerial acts during the pendency of an affidavit of disqualification).
{¶ 6} "The statutory right to seek disqualification of a judge is an extraordinary remedy. A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." (Citation omitted.) In re Disqualification of George, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions *849 have not been overcome in this case. Mr. Rosenbaum has not established that Judge Janik's recent rulings and conduct are the product of bias against the defendant based on her relationship with the former guardian ad litem.
{¶ 7} The affidavit of disqualification is denied. The case may proceed before Judge Janik.