IN RE DISQUALIFICATION OF KESSLER.

WILKERSON *v.* WILKERSON.

[Cite as *In re Disqualification of Kessler*, 117 Ohio St.3d 1233, 2005-Ohio-7151.]

(No. 05–AP–039—Decided May 4, 2005.)

MOYER, C.J.

{¶ 1} Defendant Chun Cha Wilkerson has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking the disqualification of Judge Eva D. Kessler from acting on any further proceedings in case No. DR–2001–06–0775 in the Court of Common Pleas of Butler County, Domestic Relations Division.

{¶ 2} The defendant alleges that she publicly supported Judge Kessler's opponent in the 2004 primary election in Butler County and now lacks confidence in the judge's ability to preside fairly and impartially over the case. Darlene

Todd, a friend of the defendant's, has filed a similar affidavit, and she states that she criticized the judge's treatment of the defendant during the primary election campaign.

{¶ 3} Judge Kessler has responded to the affidavit, and she denies holding any bias or prejudice against the defendant. She indicates that she was unaware of the defendant's support for her opponent's campaign last year and states that she has given fair consideration to any testimony offered in the case by the defendant, by Darlene Todd, and by other witnesses.

{¶ 4} I find no basis for ordering the disqualification of Judge Kessler. "[T]he fact that a party or lawyer in a pending case campaigned for or against the judge is not grounds for disqualification." *In re Disqualification of Cleary* (1996), 77 Ohio St.3d 1246, 1247, 674 N.E.2d 357. Absent some additional reason supporting a party's claim of bias, this court and others have always assumed that judges can remain impartial when an attorney or party who voiced opposition to the election of the judge appears in the judge's courtroom. Flamm, Judicial Disqualification (1996) 194, Section 6.4.3. See, e.g., *Pierce v. Charity Hosp. of Louisiana at New Orleans* (La.App.1989), 550 So.2d 211, 214–215 ("A judge is often in the position of handling matters which involve an attorney who has campaigned [for] or contributed to the judge's opponent," yet absent some evidence of bias, courts will not presume that bias or the appearance of bias exists); *McDermott v. Grossman* (Fla.App.1983), 429 So.2d 393 ("Where a lawyer voices his opposition to the election of a judge, it is assumed that the judge will not thereafter harbor prejudice against the lawyer affecting the judge's ability to be impartial in cases in which the lawyer is involved").

{¶ 5} The defendant's affidavit does not suggest that the judge has done or said anything that reflects bias or prejudice on her part. I conclude that a reasonable and objective observer would not harbor serious doubts about the judge's ability to serve fairly and impartially in this case. As I have said, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003–Ohio–5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 6} For the reasons stated above, the affidavit of disqualification is denied. The case shall proceed before Judge Kessler.