OPINION *Page 2 
{¶ 1} Appellant, Justin Coulter, appeals a judgment of the Massillon Municipal Court overruling his motion to withdraw his plea of no contest to one charge of cruelty to animals in violation of Massillon Municipal Code Sec. 505.07(a)(1). Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 10, 2007, a complaint was filed charging appellant with cruelty to animals in violation of Massillon Municipal Code Sec. 505.07(a)(1), to wit, appellant choked and stabbed a male boxer dog named Tyson, causing serious bodily injury in an attempt to kill the dog.
 {¶ 3} Attached to the complaint was an affidavit of animal control officer Vicki Davis. According to the affidavit, witnesses to the alleged crime told Officer Davis that appellant and his domestic partner Frank Leaghty hosted a New Year's party on January 1, 2007, in their garage. At about 1:00 a.m., appellant went into the house to lie down on the couch. Shortly thereafter, he came back to the garage screaming at Leaghty, "Your fucking dog killed my cat." While the other party-goers remained in the garage, appellant and Leaghty went into the house. Leaghty returned to the garage with Duke, a mastiff owned by appellant and Leaghty. Appellant was then seen dragging a bleeding Tyson toward the street. Leaghty took Tyson from appellant, placed the dog in the garage, and the police were called.
 {¶ 4} The affidavit further attests that Humane Society Officer Dea Hupp responded to the call and attended to the dog in the garage. Appellant ordered everyone else out of the garage, then locked Hupp in the garage with Tyson. Her *Page 3 
dispatcher called her and heard appellant yelling in the background, and the police were once again summoned to the scene. After being taken to the Humane Society, where he was checked by a veterinarian, Tyson was taken to a veterinary hospital where he remained until January 5, 2007, being treated for a knife wound which penetrated two layers of muscle.
 {¶ 5} Officer Davis states in her affidavit that she has interacted with appellant on numerous occasions in the last year concerning complaints of animal abuse at his residence and two pet stores he previously owned. The allegations would come from friends, associates and employees who would later refuse to sign statements out of fear of appellant's "violent rages which escalate into physical confrontations." The affiant further attested that when she attempted to serve the complaint in the instant case on appellant, he refused to sign the summons, shouted profanities at her and flipped her off.
 {¶ 6} Appellant entered a no contest plea to the charge on February 23, 2007. He was represented at the time by attorney Thomas Ferrero. He was found guilty by the Massillon Municipal Court and sentenced to 90 days incarceration, with 89 days suspended. He was given credit for one day served. He was fined $100 and placed on community control.
 {¶ 7} Appellant filed a motion to remove probation restrictions on October 19, 2007, which was overruled by Judge Edward Elum of the Massillon Municipal Court. On November 7, 2007, Appellant filed a motion to disqualify Judge Elum from hearing his plea withdrawal motion, which had not yet been filed. The judge refused to recuse himself from the case, and the affidavit of disqualification was transferred to the *Page 4 
presiding judge of the Stark County Common Pleas Court. Appellant specifically alleged that during the judicial campaign of his prior attorney, Thomas Ferrero, Judge Elum signed the election petition, contributed money and was pictured in ads run by Mr. Ferrero. On February 8, 2008, the Common Pleas Court found no evidence of bias on the part of Judge Elum, or any indication in the record that would lead an objective observer to question the judge's impartiality, and denied the disqualification petition.
 {¶ 8} On November 9, 2007, appellant filed a motion to withdraw his plea of no contest. He argued that he had a meritorious defense to present, which was that Tyson attacked the family cat, and when appellant intervened, he was attacked by Tyson, requiring medical treatment for bites received in the attack. He also claimed his counsel at the time of the plea was ineffective because he had failed to investigate the long, bitter relationship between appellant and Davis, who desired personal ownership of one of his dogs. He argued that counsel failed to explain his statutory defenses, and during the plea hearing, the court did not ask him whether his attorney had informed him of available defenses. He attached his own affidavit attesting that, after Tyson attacked him when he attempted to step between Tyson and the cat, appellant cut Tyson with a kitchen knife. He further attested that long-standing animosity existed between himself and Davis, and the witnesses she talked to were far too intoxicated to provide good testimony.
 {¶ 9} The court conducted an evidentiary hearing on the motion to withdraw the plea. The court overruled the motion on September 17, 2008. The entry states that the defense presented witnesses at the hearing. The court found that appellant was represented by competent counsel at the time of the plea, did not have a meritorious *Page 5 
defense, and there was no legitimate basis for withdrawal of the plea. The court found that appellant's testimony was inconsistent with the record of the proceedings, his waiver of his rights and the negotiated plea.
 {¶ 10} Appellant assigns two errors to the judgment of the trial court:
 {¶ 11} "I. THE TRIAL COURT ERRED WHEN IT RULED ON THE APPELLANTS [SIC] APPLICATION OF DISQUALIFICATION OF JUDGE ELUM TO WHICH A WRIT OF MANDAMUS AND WRIT OF PROHIBITION WAS FILED WITH THE SUPREME COURT.
 {¶ 12} "II. THE TRIAL COURT ERRED IN FINDING TRIAL COUNSELS [SIC] PERFORMANCE EFFECTIVE."
 I {¶ 13} Although not separately argued in the brief, it appears appellant is claiming the Stark County Common Pleas Court erred in proceeding on the motion to disqualify Judge Elum, as writs concerning the issue were pending in the Supreme Court.
 {¶ 14} Nothing in the record reflects that matters were pending in the Supreme Court concerning Judge Elum's ability to hear the case. Appellant filed a motion seeking to disqualify Judge Elum from hearing appellant's motion to withdraw his plea. After Judge Elum declined to recuse himself from the case, the matter was transferred to the docket of Judge Richard Reinbold, presiding judge of the Stark County Common Pleas Court. The court denied the motion for disqualification in an entry addressing appellant's claims of bias on the part of Judge Elum. *Page 6 
 {¶ 15} To the extent appellant is claiming the court erred in failing to grant disqualification, the record does not reflect any error. At the outset, we note that there is a question of whether we have jurisdiction to review the court's order concerning disqualification. The statutory procedure for disqualification of a municipal court judge is set forth in R.C. 2701.031:
 {¶ 16} "(A) If a judge of a municipal or county court allegedly is interested in a proceeding pending before the judge, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the judge or to a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the judge, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the court in which the proceeding is pending . . .
 {¶ 17} "(C)(1) Except as provided in division (C)(2) of this section, when an affidavit of disqualification is presented to the clerk of a municipal or county court for filing under division (B) of this section, the clerk shall enter the fact of the filing on the docket in that proceeding and shall provide notice of the filing of the affidavit to one of the following:
 {¶ 18} "(a) The presiding judge of the court of common pleas of the county . . ."
 {¶ 19} The statutory scheme is silent as to the appealability of a disqualification decision. The Ninth District has determined that the denial of an application for disqualification is not a final appealable order when issued, but could be reviewed on appeal from final disposition of the municipal court case. In re Disqualification ofKimbler (1988), 44 Ohio App.3d 9, 11.[1] However, the Eleventh District has held that the *Page 7 
Court of Appeals lacks jurisdiction to review the propriety of a court's decision on disqualification, because R.C. 2701.03(E) grants the Common Pleas Court the sole authority to rule on the issue. State v.Jones, Portage No. 2008-P-0018, 2008-Ohio-6994, ¶ 16, citing Beer v.Griffith (1978), 54 Ohio St. 2d 440, 441-442. In Beer, the Supreme Court did not consider the issue of the appealability of a decision concerning disqualification. In that case, the issue of disqualification was raised for the first time on appeal, not by the party appealing the case, but by a judge of the Court of Appeals during oral argument. The appellate court subsequently held that the trial judge was disqualified from hearing the case and declared the trial court's judgment void. The Supreme Court reversed, finding that the Court of Appeals was without authority to pass upon disqualification or to void the judgment of the court on that basis because only the Chief Justice or his designee may hear disqualification matters concerning a Common Pleas Court judge.Id. The application of the Supreme Court's ruling in Beer to the jurisdiction of a Court of Appeals to consider a direct appeal of a disqualification order decided by a Common Pleas Court judge in response to a motion to disqualify a municipal court judge pursuant to the statutory procedure, is not clear.
 {¶ 20} Even if we have jurisdiction, appellant has not demonstrated error in the court's decision. Subjective belief of bias is not sufficient to support an affidavit of disqualification. In reDisqualification of Lewis, 117 Ohio St. 3d 1227, 2004-Ohio-7359, ¶ 7. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality. Id. at ¶ 8. The fact that a party or lawyer in a pending case campaigned for or against the judge is not grounds for *Page 8 
disqualification. In re Disqualification of Kessler,117 Ohio St. 3d 1233, 2005-Ohio-7151, ¶ 4.
 {¶ 21} The judgment of the Common Pleas Court states that, at an oral hearing held February 19, 2008, appellant presented no witnesses or evidence to support his petition. The Common Pleas Court did not err in finding that appellant's suggestion that Judge Elum's association with Attorney Ferrero in conjunction with an election constituted bias, without any corroborating evidence or anything in the record objectively reflecting such bias, did not meet the standard for disqualification of the judge.
 {¶ 22} In sum, the ruling of the Common Pleas Court judge, regarding the motion to disqualify, is either not subject to review by this Court or is affirmed because no error has been demonstrated to this Court.
 {¶ 23} The first assignment of error is overruled.
 II {¶ 24} In his second assignment of error, appellant argues that the court erred in overruling his motion to withdraw his plea and in finding his trial counsel was not ineffective in conjunction with the plea.
 {¶ 25} Crim. R. 32.1 provides:
 {¶ 26} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." *Page 9 
 {¶ 27} The burden to establish the existence of manifest injustice is on the defendant. State v. Smith (1977), 49 Ohio St.2d 261, syllabus 1. A motion made pursuant to Crim. R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court. Id. at syllabus 2.
 {¶ 28} Appellant has not provided this court with a transcript of the evidentiary hearing on his motion to withdraw his plea. The duty to provide a transcript for appellate review falls upon the appellant.Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Where portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus has no choice but to presume the validity of the lower court's proceedings and affirm. Id.
 {¶ 29} In the absence of a transcript of the evidence presented at the hearing, we cannot find that the trial court erred in concluding that appellant was represented by competent counsel in conjunction with his plea, nor can we find that the court erred in finding appellant did not have a meritorious defense to the charge. *Page 10 
 {¶ 30} The second assignment of error is overruled.
 {¶ 31} The judgment of the Massillon Municipal Court is affirmed.
By: Edwards, J., Hoffman, P.J. and Delaney, J. concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Massillon Municipal Court is affirmed. Costs assessed to appellant.
[1] This case considered R.C. 2937.20, the statute concerning disqualification of an inferior court judge effective prior to July 1, 1996. The statute is substantially the same as R.C. 2701.031. *Page 1