IN RE DISQUALIFICATION OF DONOFRIO ET AL.

THE STATE EX REL. PATEL *v.* CRAWFORD.

[Cite as *In re Disqualification of Donofrio,* 135 Ohio St.3d 1253,

2012-Ohio-6338.]

*Judges—Affidavits of disqualification—R.C. 2701.03—Disqualification of appellate panel not warranted—Allegations of erroneous rulings cannot be litigated in disqualification proceeding—Affiant has failed to prove prejudice or bias.*

(No. 12-AP-134—Decided December 17, 2012.)

ON AFFIDAVIT OF DISQUALIFICATION in the Court of Appeals for Belmont County

Case No. 12-BE-28.

_____

**O'CONNOR, C.J.**

**{¶ 1}** Petitioner Arvind Patel has filed an affidavit with the clerk of this court under R.C. 2501.13 and 2701.03 seeking to disqualify Judge Gene Donofrio, Judge Joseph J. Vukovich, and Judge Mary DeGenaro from presiding over case No. 12-BE-28, now pending on Patel's petition for a writ of mandamus in the Seventh District Court of Appeals.

**{¶ 2}** Patel alleges that Judge Donofrio, Judge Vukovich, and Judge DeGenaro should be disqualified from hearing his underlying writ action because in a different case filed by him, *Patel v. Bellaire,* 7th Dist. No. 10-BE-27, 2012-Ohio-4348, they issued a biased opinion that violated his constitutional rights. Specifically, Patel argues that the panel included false statements in the *Patel* opinion, ignored "undeniable facts and evidence," and "maliciously and wrongfully" affirmed the trial court's judgment against him. As a result, Patel claims that this panel of judges is "incapable" of adjudicating the underlying writ

action and "will again deprive Patel of his Constitutional Right to due process due to his race and religion."

{¶ 3} For the following reasons, no basis has been established to order the disqualification of Judge Donofrio, Judge Vukovich, or Judge DeGenaro.

{¶ 4} First, the gravamen of Patel's affidavit is that the Seventh District violated his constitutional rights in the separate *Patel* case. However, whether the appellate court erred in that case cannot be litigated in an affidavit-of-disqualification proceeding. It is well established that an affidavit of disqualification "is not a vehicle to contest matters of substantive or procedural law." *In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. And a party's disagreement or dissatisfaction with a court's legal rulings, even if those rulings may be erroneous, is not grounds for disqualification. *See In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4; *In re Disqualification of Light*, 36 Ohio St.3d 604, 522 N.E.2d 458 (1988) ("alleged errors of law or procedure are legal issues subject to appeal and are not grounds for disqualification"). Therefore, Patel's disagreement with the Seventh District's *Patel* opinion does not demonstrate bias or prejudice and is not grounds for disqualification in the underlying writ action. The remedy for these and other legal claims, if any, lies on appeal, not through the filing of an affidavit of disqualification. *In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6.

{¶ 5} Second, Patel has failed to substantiate his claim of racial or religious bias. Allegations of such bias strike at the very heart of the judiciary and are among the most serious and damaging that can be directed at a judge. As a result, such claims must be proven by clear evidence establishing the existence of bias. *In re Disqualification of Cunningham*, 100 Ohio St.3d 1216, 2002-Ohio-7470, 798 N.E.2d 4, ¶ 2. Here, Patel has submitted documents, transcripts, and affidavits from the *Patel* record in an attempt to show that the appellate court

erred by misinterpreting the relevant evidence. However, he provides no evidence, beyond speculation, to support his assertion that the alleged errors were the product of bias—racial or otherwise. Vague or unsubstantiated allegations are insufficient to establish bias or prejudice. *In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988); *In re Disqualification of Flanagan*, 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 4 ("Allegations that are based solely on hearsay, innuendo, and speculation * * * are insufficient to establish bias or prejudice").

{¶ 6} Finally, because the appellate panel has been the target of his personal criticism, Patel suggests they should be disqualified because the probability of their bias is now "too high to be Constitutionally tolerable." Patel cites *Mayberry v. Pennsylvania*, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971), and *Withrow v. Larkin*, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975). As an initial matter, neither *Mayberry* nor *Withrow* support disqualification here. *Mayberry* involved the narrow issue of whether a judge should hear the criminal-contempt trial of a defendant when the same judge was the one reviled by the contemnor, and *Withrow* involved whether an administrative agency's combination of investigative and adjudicative functions created an unconstitutional risk of bias. *Mayberry* at 466; *Withrow* at 47. The issue here is much broader: whether judges on an appellate court should be removed from a case involving a litigant who has previously criticized the court's judicial opinions and lodged personal attacks against the judges.

{¶ 7} In general, absent some indication that the criticism was so great that no reasonable judge could be expected to remain unaffected, personal attacks on a judge—even serious allegations of racism, such as here—will not lead to the judge's disqualification. *See* Flamm, *Judicial Disqualification,* Section 21.8 (2d Ed.2007). As the United States Supreme Court stated in *Mayberry*, "[a] judge cannot be driven out of a case." *Id.* at 464; *see also Fed. Deposit Ins. Corp. v.*

*Sweeney*, 136 F.3d 216, 219 (1st Cir.1998), quoting 13A Wright, Miller & Cooper, *Federal Practice & Procedure*, Section 3542, 577-578 (2d Ed.1984) (" 'A party cannot force disqualification by attacking the judge and then claiming that these attacks must have caused the judge to be biased against [her]' " [brackets sic]). "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case. Nothing in the record suggests that Patel's accusations against the Seventh District judges have affected or would affect their conduct in the underlying case. *See, e.g.*, *In re Disqualification of O'Neill*, 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 17. Accordingly, the fact that this panel of judges has been the target of Patel's criticism is insufficient to warrant their disqualification.

{¶ 8} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Donofrio, Judge Vukovich, and Judge DeGenaro of the Seventh District Court of Appeals.

_____