IN RE DISQUALIFICATION OF D'APOLITO.

GRENGA *v*. VANTELL.

[Cite as *In re Disqualification of D'Apolito,* 139 Ohio St.3d 1230,

2014-Ohio-2153.]

*Judges—Affidavit of disqualification—R.C. 2701.03—The chief justice cannot rule on an affidavit of disqualification when nothing is pending before the trial court—Disqualification denied.*

(No. 14-AP-019—Decided March 19, 2014.)

ON AFFIDAVIT OF DISQUALIFICATION in Mahoning County Court of Common Pleas Case Nos. 2008CV00388 and 2012CV01153.

_____

O'CONNOR, C.J.

{¶ 1}   Plaintiff Joseph Robert Grenga has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Lou A. D'Apolito from presiding over any further proceedings in case Nos. 2008CV00388 and 2012CV01153 in the Court of Common Pleas of Mahoning County.

{¶ 2}   For the reasons explained below, no basis has been established to order the disqualification of Judge D'Apolito.

### Case No. 2008CV00388

{¶ 3}   Grenga claims that at a pretrial hearing in case No. 2008CV00388, Judge D'Apolito showed bias towards him by threatening him with contempt and bringing a deputy sheriff into the courtroom to intimidate him. R.C. 2701.03, however, "clearly limits the authority of the Chief Justice in determining the existence of interest, bias, prejudice, or disqualification to matters pending before the court of common pleas." *In re Disqualification of Grossmann*, 74 Ohio St.3d 1254, 1255, 657 N.E.2d 1356 (1994). Therefore, "the Chief Justice cannot rule

on an affidavit of disqualification when * * * nothing is pending before the trial court." *In re Disqualification of Hayes*, 135 Ohio St.3d 1221, 2012-Ohio-6306, 985 N.E.2d 501, ¶ 6. Here, Grenga has failed to identify what, if anything, remains pending in case No. 2008CV00388. Indeed, the docket shows that the case is closed, with the judge's most recent entry issued in December 2009. Accordingly, because there does not appear to be any matter pending in case No. 2008CV00388, Grenga's affidavit relating to the case is dismissed.

### *Case No. 2012CV01153*

{¶ 4} In case No. 2012CV01153, Judge D'Apolito issued an entry in January 2014 that (1) granted summary judgment in favor of defendant Jason A. Vantell on Grenga's claims, (2) granted summary judgment in favor of Vantell on his counterclaim for defamation against Grenga, and (3) sustained Vantell's motion for sanctions based on frivolous conduct against Grenga. The gravamen of Grenga's affidavit of disqualification is that the judge's recent entry "reeks with bias" against Grenga because "[t]here is not one point in Honorable Judge Lou A. D'Apolito's Entry that has merit." Grenga challenges the validity of the entry on several grounds and concludes that a "rational objective observer that read the Entry could only see the bias and prejudice in every sentence thereof." *Id.* at ¶ 40.

{¶ 5} It is the role of a judge to resolve difficult questions in contentious matters, and therefore judges often disappoint some or all of the parties involved in litigation. However, it is well established that "[a]dverse rulings, without more, are not evidence that a judge is biased or prejudiced." *In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 5. Accordingly, affidavits of disqualification cannot be used to remove a judge from a case simply because a party is particularly unhappy about a court ruling or a series of rulings. "Procedures exists by which appellate courts may review—and, if necessary, correct—rulings made by trial courts." *Id.* at ¶ 6. However, reviewing legal

errors is not the role of the chief justice in deciding affidavits of disqualification, and "neither a party's disagreement with a judge's determination, nor its dissatisfaction with a particular result, can supply the evidentiary showing needed to so reflect upon a judge's partiality as to mandate judicial disqualification." Flamm, *Judicial Disqualification*, Section 16.2, 445-446 (2d Ed.2007).

{¶ 6} For the reasons stated above, the affidavit of disqualification is denied. The cases may proceed before Judge D'Apolito.

————————————————