IN RE DISQUALIFICATION OF HERVEY.

RHDK OIL & GAS, L.L.C. *v.* DYE.

[Cite as *In re Disqualification of Hervey*, 142 Ohio St.3d 1249, 2014-Ohio-5869.]

(No. 14-AP-078—Decided October 6, 2014.)

O'CONNOR, C.J.

{¶ 1} Defendant Kebria Dye has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge T. Shawn Hervey from presiding over any further proceedings in case No. CVH–2012–0069 in the Harrison County Court of Common Pleas.

{¶ 2} Dye alleges that she will not receive a fair trial before Judge Hervey because (1) the judge awarded summary judgment to plaintiff, an oil and gas

company, "in complete contradiction of Ohio law," (2) the judge is "overtly biased towards oil and gas companies and their significant financial resources," (3) prior to taking the bench, the judge served as opposing counsel in a case against Dye and, in that capacity, accused her of dishonesty, and (4) Dye is a supporter of and "significant financial donor" to Judge Hervey's opponent in the November 2014 election. Judge Hervey has responded to the affidavit in writing, denying any bias in favor of plaintiff or against Dye.

{¶ 3} For the reasons explained below, no basis has been established to order the disqualification of Judge Hervey.

{¶ 4} First, Dye's disagreement with Judge Hervey's summary-judgment decision is not grounds for disqualification. It is well established that "a judge's adverse rulings, even erroneous ones, are not evidence of bias or prejudice." *In re Disqualification of Fuerst*, 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 14. The remedy for Dye's legal claims lies on appeal, not through the filing of an affidavit of disqualification. *In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6.

{¶ 5} Second, Dye has not substantiated her claim that Judge Hervey is biased in favor of oil and gas companies. Dye claims that Judge Hervey "has been getting significant coordinated and/or uncoordinated election benefits from oil and gas concerns." Judge Hervey, however, "categorically den[ies]" this allegation. Although there may be exceptional circumstances in which significant and disproportionate campaign contributions could create an appearance of improprie-ty, *see, e.g., Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 129 S.Ct. 2252, 173 L.Ed.2d 1208 (2009), Dye has not set forth any evidence to support her claim here. "Generally, an affiant is required to submit evidence beyond the affidavit of disqualification supporting the allegations contained therein." *In re Disquali-fication of Baronzzi*, 135 Ohio St.3d 1212, 2012-Ohio-6341, 985 N.E.2d 494, ¶ 6. Dye failed to identify the source or amounts of these alleged election expendi-tures or whether that source is even a party in the underlying case. Dye states only that an individual from a county political party told her that "oil and gas concerns" have given significant "election benefits" to Judge Hervey. "Allega-tions that are based solely on hearsay, innuendo, and speculation * * * are insufficient to establish bias or prejudice." *In re Disqualification of Flanagan*, 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 4.

{¶ 6} Third, Dye has not established that Judge Hervey's previous representa-tion of a party adverse to Dye in a separate proceeding mandates his disqualifica-tion from the underlying matter. Judge Hervey explains that while serving as the county prosecutor, he represented the board of revision in a proceeding involving Dye. The judge, however, denies making any claim of dishonesty against her. Just as "a judge is not automatically disqualified from a criminal

case when he or she prosecuted a defendant in an earlier, unrelated proceeding" (emphasis deleted), *In re Disqualification of Batchelor*, 136 Ohio St.3d 1211, 2013-Ohio-2626, 991 N.E.2d 242, ¶ 5, the mere fact that a judge, while serving as prosecutor, was involved in an unrelated civil proceeding against a party does not generally raise any concerns about the judge's impartiality in a new matter involving the same party, *see* Flamm, *Judicial Disqualification*, Section 11.3, 289 (2d Ed.2007). Here, Dye has not claimed that the two matters are related in any way; therefore, disqualification is not warranted.

{¶ 7} Finally, Dye's claim that she is a supporter of and "significant financial donor" to Judge Hervey's election opponent does not require the judge's removal. Dye did not provide any further information regarding her alleged support to the judge's opponent, such as whether she has a role in the campaign, or the extent of her alleged financial support. "[V]ague, unsubstantiated allegations [in] the affidavit are insufficient on their face for a finding of bias or prejudice." *In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988). Moreover, the mere fact that a party in a pending case campaigned against a judge is generally not grounds for disqualification. *In re Disqualification of Kessler*, 117 Ohio St.3d 1233, 2005-Ohio-7151, 884 N.E.2d 1086, ¶ 4. "Absent some additional reason supporting a party's claim of bias, this court and others have always assumed that judges can remain impartial when an attorney or party who voiced opposition to the election of the judge appears in the judge's courtroom." *Id.*

{¶ 8} "The statutory right to seek disqualification of a judge is an extraordinary remedy. * * * A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 9} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Hervey.