In re Disqualification of Froelich.

In re Disqualification of Donovan.

In re Disqualification of Welbaum.

Han v. University of Dayton et al.

[Cite as *In re Disqualification of Froelich, Donovan, and Welbaum*, 143 Ohio St.3d 1266, 2015-Ohio-3423.]

(Nos. 15–AP–011, 15–AP–12, and 15–AP–013—Decided February 27, 2015.)

O'Connor, C.J.

{¶ 1} Plaintiff-appellant Sam Han has filed three affidavits with the clerk of this court under R.C. 2501.13 and 2701.03 seeking to disqualify Judge Jeffrey Froelich, Judge Mary Donovan, and Judge Jeffrey Welbaum from presiding over any further proceedings in the underlying court of appeals case. On January 30, 2015, the court of appeals issued an opinion overruling Han's assignments of error, but the matter is currently pending on Han's motion for reconsideration, which he filed concurrently with his affidavits of disqualification.

{¶ 2} Han claims that the judges should be disqualified because of their close relationships with defendants, the University of Dayton and the University of Dayton School of Law. Specifically, Han claims that the appellate court's website indicates that Judge Froelich is an adjunct professor at the law school. Additionally, in November 2014—only two weeks before the court held oral argument in the underlying case—all three judges attended a luncheon and conducted oral arguments at the law school. Han further asserts that the judges ignored his evidence and made inconsistent statements in their opinion deciding his appeal.

{¶ 3} The judges have separately responded to Han's affidavits, denying any bias in favor of defendants. The judges explain that their court administrator occasionally schedules oral arguments at the law school for educational purposes, and the judges acknowledge that in November 2014, they all attended a luncheon at the law school before conducting their scheduled oral arguments. However,

the judges do not believe that these facts demonstrate that they were biased in the underlying case. Additionally, Judge Froelich explains that in 2010, he stopped teaching as an adjunct professor at the law school.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Froelich, Judge Donovan, or Judge Welbaum.

{¶ 5} First, Han has waived his right to object to the panel based on their allegedly close relationships with defendants. It is well established that an affidavit of disqualification must be filed "as soon as possible after the incident giving rise to the claim of bias and prejudice occurred," and failure to do so may result in waiver of the objection. *In re Disqualification of O'Grady,* 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996). The affiant has the burden to demonstrate that the affidavit is timely filed. *In re Disqualification of Capper,* 134 Ohio St.3d 1271, 2012-Ohio-6287, 984 N.E.2d 1082, ¶ 11. Here, Han has not explained when he learned of these alleged close relationships or why he could not file the affidavits earlier. Indeed, the fact that Han filed his affidavits after the court ruled against him suggests that the adverse decision prompted the disqualification request—not any alleged bias based on the judges' connections to the law school. *See In re Disqualification of Glickman,* 100 Ohio St.3d 1217, 798 N.E.2d 5 (2002). " '[A] party should not be permitted to participate in an action or proceedings to the extent that he is able to ascertain the attitude of the judge toward important aspects of his case and then avoid an adverse ruling by belatedly raising the issue of disqualification.' " *In re Disqualification of Murphy,* 36 Ohio St.3d 605, 606, 522 N.E.2d 459 (1988), quoting Annotation, *Waiver or Loss of Right to Disqualify Judge by Participation in Proceedings—Modern State Criminal Cases,* 27 A.L.R.4th 597, 605 (1984). Accordingly, Han waived these objections by not raising them earlier.

{¶ 6} Second, Han's dissatisfaction with the court's ultimate decision is not grounds for disqualification. "[A] judge's adverse rulings, even erroneous ones, are not evidence of bias or prejudice." *In re Disqualification of Fuerst,* 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 14. Procedures exist by which this court may review—and, if necessary, correct—rulings made by the courts of appeals. However, reviewing legal errors is not the role of the chief justice in deciding affidavits of disqualification. *See In re Disqualification of D'Apolito,* 139 Ohio St.3d 1230, 2014-Ohio-2153, 11 N.E.3d 279, ¶ 5.

{¶ 7} For the reasons stated above, the affidavits of disqualification are denied.