IN RE DISQUALIFICATION OF O'DONNELL.

FLETCHER *v.* MICHALIK.

2016-Ohio-8570.]

(No. 16–AP–018—Decided April 6, 2016.)

O'CONNOR, C.J.

{¶ 1} Adam E. Carr, counsel for defendant, Patrick Michalik, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge John P. O'Donnell from presiding over any further proceedings in the above-captioned case.

{¶ 2} Carr claims that Judge O'Donnell "has made a series of improper rulings" from September 2015 through March 2016 that show the judge's bias and prejudice. Carr also "strongly suspect[s]" that some sort of ex parte communication occurred between plaintiff's counsel and the trial court, which enabled the court to rule on one of plaintiff's motions the same day that plaintiff's counsel filed it.

{¶ 3} Judge O'Donnell has responded in writing to the affidavit, denying any bias in the case. The judge also denies engaging in any ex parte communication with plaintiff's counsel.

{¶ 4} In addition, Michael Goldstein, plaintiff's attorney, has filed an affidavit. He also denies engaging in any ex parte communication with Judge O'Donnell.

{¶ 5} For the reasons explained below, no basis has been established to order the disqualification of Judge O'Donnell.

{¶ 6} First, it is well established that "[a]dverse rulings, without more, are not evidence that a judge is biased or prejudiced." *In re Disqualification of Russo,* 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 5. Accordingly, affidavits of disqualification cannot be used to remove a judge from a case simply because a

party is particularly unhappy about a series of court rulings. "Procedures exist by which appellate courts may review—and, if necessary, correct—rulings made by trial courts." *Id.* at ¶ 6. However, reviewing rulings for legal errors is not the role of the chief justice in deciding affidavits of disqualification. *See In re Disqualification of D'Apolito,* 139 Ohio St.3d 1230, 2014-Ohio-2153, 11 N.E.3d 279, ¶ 5.

{¶ 7} Second, an alleged ex parte communication constitutes grounds for disqualification when there is "proof that the communication * * * addressed substantive matters in the pending case." *In re Disqualification of Calabrese,* 100 Ohio St.3d 1224, 2002-Ohio-7475, 798 N.E.2d 10, ¶ 2. The allegations must be substantiated and consist of something more than hearsay or speculation. *In re Disqualification of Floyd,* 101 Ohio St.3d 1215, 2003-Ohio-7354, 803 N.E.2d 816, ¶ 7. Here, Carr speculates that Judge O'Donnell must have engaged in an ex parte communication with plaintiff's counsel. Both Judge O'Donnell and Goldstein, however, aver that no such ex parte communication occurred. "Allegations that are based solely on hearsay, innuendo, and speculation * * * are insufficient to establish bias or prejudice." *In re Disqualification of Flanagan,* 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 4.

{¶ 8} The disqualification of a judge is an extraordinary remedy. A "judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 9} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge O'Donnell.