IN RE DISQUALIFICATION OF STEVENSON.

THE STATE OF OHIO *v.* MCMAHAN.

2016-Ohio-8572.]

(No. 16–AP–026—Decided April 14, 2016.)

O'CONNOR, C.J.

{¶ 1} Defendant David McMahan has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge James F. Stevenson from presiding over any further proceedings in the above-captioned criminal case.

{¶ 2} McMahan believes that Judge Stevenson has a bias against him because he authored a published letter to the editor of the local newspaper that criticized the judge's conduct in McMahan's previous domestic-relations case. Specifically, McMahan's letter alleged that Judge Stevenson is not concerned about parents who introduce children to illegal drugs and that the judge has a disdain for fathers. McMahan's letter also urged voters to oppose the judge's reelection to office.

{¶ 3} Judge Stevenson has responded in writing to the affidavit, denying any bias or prejudice against McMahan.

{¶ 4} "It is the role of a judge to resolve difficult questions in contentious matters, and therefore judges often disappoint some or all of the parties involved in litigation." *In re Disqualification of D'Apolito,* 139 Ohio St.3d 1230, 2014-Ohio-2153, 11 N.E.3d 279, ¶ 5. However, simply because a party publicly express-

es disagreement with a judge's rulings does not mean that the judge will be unfair to that person in the future. For example, in *In re Disqualification of Donofrio*, 135 Ohio St.3d 1253, 2012-Ohio-6338, 986 N.E.2d 13, a litigant requested disqualification of a panel of appellate-court judges because the litigant had previously criticized the judges' opinions and lodged personal attacks against them. It was explained that

> [i]n general, absent some indication that the criticism was so great that no reasonable judge could be expected to remain unaffected, personal attacks on a judge * * * will not lead to the judge's disqualification. *See* Flamm, *Judicial Disqualification*, Section 21.8 (2d Ed.2007). As the United States Supreme Court stated in *Mayberry [v. Pennsylvania*, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971)], "[a] judge cannot be driven out of a case." *Id.* at 464; *see also Fed. Deposit Ins. Corp. v. Sweeney*, 136 F.3d 216, 219 (1st Cir.1998), quoting 13A Wright, Miller & Cooper, *Federal Practice & Procedure*, Section 3542, 577–578 (2d Ed.1984) (" 'A party cannot force disqualification by attacking the judge and then claiming that these attacks must have caused the judge to be biased against [her]' " [brackets sic] ). "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5.

*Donofrio* at ¶ 7. Nothing in the record here suggests that McMahan's letter to the editor has affected or will affect Judge Stevenson's conduct in the underlying case. Indeed, Judge Stevenson recognizes that losing parties are often unhappy with his decisions and that public criticism comes with being a judge. And in his response to the affidavit, the judge affirmed that McMahan's letter will have no effect on his ability to be fair and impartial in the underlying case.

{¶ 5} Similarly, the fact that McMahan urged readers to vote against Judge Stevenson does not mandate disqualification. "We elect judges in Ohio, and we must ordinarily assume that an attorney's or a party's vocal opposition to the election of a judge will not cause that judge to harbor bias when the attorney or the party later appears before the judge." *In re Disqualification of Osowik*, 117 Ohio St.3d 1237, 2006-Ohio-7224, 884 N.E.2d 1089, ¶ 6. Again, there is nothing in the record here calling that assumption into doubt.

{¶ 6} Accordingly, McMahan has not set forth sufficient grounds for disqualification. To hold otherwise would invite similar letters solely to obtain a judge's disqualification from a case, which would frustrate the orderly administration of justice.

{¶ 7} The affidavit of disqualification is denied. The case may proceed before Judge Stevenson.