IN RE DISQUALIFICATION OF MCKENNEY.

SIGNET VENTURES, L.L.C. *v.* BATES.

2016-Ohio-8598.]

1214

(No. 16–AP–061—Decided July 29, 2016.)

O'CONNOR, C.J.

{¶ 1} Defendant, Aaron P. Bates, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Todd McKenney from presiding over any further proceedings in the above-captioned case.

{¶ 2} Bates avers that Judge McKenney is biased against him and favors the plaintiff's counsel. Judge McKenney has responded in writing, denying any bias against Bates and requesting denial of his affidavit of disqualification.

{¶ 3} For the reasons explained below, no basis has been established to order the disqualification of Judge McKenney.

{¶ 4} First, Bates's allegations relate mostly to his disagreement with how Judge McKenney has handled the underlying case. For example, Bates criticizes the judge's refusal to continue the trial so that Bates could hire substitute counsel, and Bates asserts that Judge McKenney unfairly expedited a ruling on Bates's motion to disqualify the plaintiff's counsel. It is well settled, however, that "affidavits of disqualification cannot be used to remove a judge from a case simply because a party is particularly unhappy about a court ruling or a series of rulings." *In re Disqualification of D'Apolito*, 139 Ohio St.3d 1230, 2014-Ohio-2153, 11 N.E.3d 279, ¶ 5. And " 'neither a party's disagreement with a judge's determination, nor its dissatisfaction with a particular result, can supply the evidentiary showing needed to so reflect upon a judge's partiality as to mandate judicial disqualification.' " *Id.*, quoting Flamm, *Judicial Disqualification*, Section 16.2, 445–446 (2d Ed.2007). Bates may have other remedies for the issues that he raises in his affidavit, but his dissatisfaction with how Judge McKenney has handled the case does not establish bias or prejudice.

{¶ 5} Second, Bates alleges that Judge McKenney engaged in an improper ex parte communication when his staff transmitted a copy of an order to only the plaintiff's counsel. According to Bates, on May 19, 2016, Judge McKenney signed and docketed an order and his staff sent a copy of that order to the plaintiff's counsel but Bates did not receive a copy of the order until four days later. In response, Judge McKenney acknowledges that on the day before the scheduled trial, he issued an order regarding one of the plaintiff's subpoenaed witnesses and that upon request by the plaintiff's counsel, the judge's staff e-mailed a copy of that order so that the witness received timely notice of the court's ruling before trial. Given Judge McKenney's explanation, there is no reason to disqualify the judge based on the communication. Although the judge's staff should have sent

the e-mail to both parties, the issue here is "whether the ex parte communication demonstrates bias or prejudice on the part of the judge," *In re Disqualification of Nicely*, 135 Ohio St.3d 1237, 2012-Ohio-6290, 986 N.E.2d 1, ¶ 10. Bates has failed to explain how the transmission of the judge's signed and docketed order somehow demonstrated bias against him.

{¶ 6} Finally, Bates claims that Judge McKenney has a "longstanding personal and business relationship" with members of the firm representing the plaintiff and especially its principal member, who Bates claims has given political support to the judge's election campaign. For his part, Judge McKenney denies any longstanding personal or business relationship with the law firm representing the plaintiff, and the judge states that the principal of that firm has not engaged in any political support for him. "Generally, an affiant is required to submit evidence beyond the affidavit of disqualification supporting the allegations contained therein." *In re Disqualification of Baronzzi*, 135 Ohio St.3d 1212, 2012-Ohio-6341, 985 N.E.2d 494, ¶ 6. But here, Bates has failed to submit any corroborating evidence. Therefore, Bates's vague and unsubstantiated allegations—especially in the face of clear denials by Judge McKenney—are insufficient to prove bias or prejudice. *See In re Disqualification of Hervey*, 142 Ohio St.3d 1249, 2014-Ohio-5869, 31 N.E.3d 647, ¶ 5 (vague and unsubstantiated allegations of election expenditures influencing a judge are insufficient to constitute bias or prejudice).

{¶ 7} The affidavit of disqualification is denied. The case may proceed before Judge McKenney.