IN RE DISQUALIFICATION OF GALLAGHER.

BEDFORD ASSOCIATES *v.* COLEMAN.

2017-Ohio-7055.]

(No. 17–AP–027—Decided April 7, 2017.)

O'CONNOR, C.J.

{¶ 1} Defendant, Willie Coleman–Ali El, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Shannon M. Gallagher from presiding over any further proceedings in the above-captioned civil case, now pending for a second contempt hearing against Mr. Coleman.

{¶ 2} Mr. Coleman alleges that Judge Gallagher's recent decisions, including her first contempt finding against him, demonstrate bias. For example, he argues that the fine imposed by Judge Gallagher was excessive and/or illegal and that the judge has made false statements of fact in her entries. Mr. Coleman also claims that Judge Gallagher should be removed because she recused herself from *State v. Kane,* Cuyahoga C.P. No. CR–15–597445.

{¶ 3} For the reasons explained below, no basis has been established to order the disqualification of Judge Gallagher.

{¶ 4} First, it is well established that "[a]dverse rulings, without more, are not evidence that a judge is biased or prejudiced." *In re Disqualification of Russo,* 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 5. As previously explained,

[A]ffidavits of disqualification cannot be used to remove a judge from a case simply because a party is particularly unhappy about a court ruling or a series of rulings. "Procedures exist[ ] by which appellate courts may review—and, if necessary, correct—rulings made by trial courts." *Id.* at ¶ 6. However, reviewing legal errors is not the role of the chief justice in deciding affidavits of disqualification, and "neither a party's disagreement with a judge's determination, nor its dissatisfaction with a particular result, can supply the evidentiary showing needed to so reflect upon a judge's partiality as to mandate judicial disqualification." Flamm, *Judicial Disqualification,* Section 16.2, 445–446 (2d Ed.2007).

*In re Disqualification of D'Apolito,* 139 Ohio St.3d 1230, 2014-Ohio-2153, 11 N.E.3d 279, ¶ 5. Accordingly, this is not the appropriate forum to review whether Judge Gallagher properly found Mr. Coleman in contempt or whether the penalty that she imposed met statutory requirements.

{¶ 5} Second, Mr. Coleman has not established why Judge Gallagher's recusal from *State v. Kane*—an unrelated case with different parties—mandates her disqualification from the underlying matter. Mr. Coleman asserts that in *State v. Kane,* Judge Gallagher was "subject to the same Administrative Procedure and UCC financing statement that is subject in the present case," which caused her to recuse herself. Court records show that after Judge Gallagher recused herself from *State v. Kane,* the defendant in that case was charged with and convicted of using a sham legal process against her. *See State v. Kane,* Cuyahoga C.P. No. CR–16–604331; *see also State v. Kane,* Cuyahoga C.P. No. CR–15–597445. Mr. Coleman has not sufficiently explained why the fact that Judge Gallagher was a victim of a sham legal process requires her removal from this case. "[V]ague, unsubstantiated allegations of the affidavit are insufficient on their face for a finding of bias or prejudice." *In re Disqualification of Walker,* 36 Ohio St.3d 606, 522 N.E.2d 460 (1988).

{¶ 6} Presumably, Mr. Coleman believes that because Judge Gallagher has experience with sham legal processes, she has hostility toward anyone who uses similar procedures. But in affidavit-of-disqualification proceedings, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Without more, Mr. Coleman's speculative beliefs are insufficient to overcome the presumption of the judge's impartiality.

{¶ 7} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Gallagher.