O'Connor, C.J.
*1262 {¶ 1} Defendant, Benita Williams, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Lou D'Apolito from presiding over any further proceedings in the above-referenced criminal case in the Mahoning County Court of Common Pleas.
{¶ 2} Ms. Williams claims that she will not receive a fair trial before Judge D'Apolito, primarily because, she claims, he engaged in an ex parte communication with the alleged victim in this case. Specifically, she states that before a March 2017 hearing on her motion to reduce bond, the judge excluded her from an off-the-record meeting in his chambers with the alleged victim, the prosecutor, and her defense counsel. Ms. Williams believes that the judge's conduct violated her constitutional and statutory rights and that the judge is biased against her because she is an African-American female and the alleged victim is a white male.
{¶ 3} Judge D'Apolito has responded in writing to the affidavit. The judge acknowledges that immediately before the *282 March hearing, he met with the alleged victim and counsel in his chambers. According to the judge, the victim feared for his safety and counsel agreed to a discussion with the victim in chambers to reduce any anxiety. After the five-minute meeting, the alleged victim and counsel proceeded into the courtroom for a hearing on the record, in which both sides were given the opportunity to present their positions on the motion to reduce bond. Judge D'Apolito states that he denied Ms. Williams's motion based solely on the evidence introduced during the hearing and on the record. The judge believes that he has taken the steps necessary to protect Ms. Williams's legal rights.
{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge D'Apolito.
{¶ 5} First, although a judge's improper ex parte communication may be grounds for disqualification, see In re Disqualification of Sheward , 134 Ohio St.3d 1226, 2012-Ohio-6289, 982 N.E.2d 717, ¶ 12-18, Judge D'Apolito's in-chambers meeting here does not qualify as ex parte. As defined by the Code of Judicial Conduct, an " '[e]x parte communication' means a communication, concerning a pending or impending matter, between counsel or an unrepresented party and the court when opposing counsel or an unrepresented party is not present or any other communication made to the judge outside the presence of the parties or their lawyers." Jud.Cond.R. Terminology. Ms. Williams's counsel *1263 consented to and attended the in-chambers meeting. Therefore, the meeting was not ex parte.
{¶ 6} Second, this is not the appropriate forum to determine whether the in-chambers meeting violated any of Ms. Williams's constitutional or statutory rights. An affidavit of disqualification "addresses the narrow issue of the possible bias or prejudice of a judge" and is "not a vehicle to contest matters of substantive or procedural law." In re Disqualification of Solovan , 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. Ms. Williams may have other remedies for her disagreement with how the judge handled her bond hearing, but she has not established that the judge's actions were the product of bias against her.
{¶ 7} Similarly, she has failed to substantiate her claim of racial or gender-based bias. "Allegations of such bias strike at the very heart of the judiciary and are among the most serious and damaging that can be directed at a judge. As a result, such claims must be proven by clear evidence establishing the existence of bias." In re Disqualification of Donofrio , 135 Ohio St.3d 1253, 2012-Ohio-6338, 986 N.E.2d 13, ¶ 5. Here, Ms. Williams has not provided any evidence, beyond speculation, to support her assertion that the judge's conduct in the case is due to racial or gender-based bias. The disqualification of a judge is an extraordinary remedy. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." In re Disqualification of George , 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome here.
{¶ 8} The affidavit of disqualification is denied. The case may proceed before Judge D'Apolito.