O'Connor, C.J.
*1278 *392 {¶1} Defendant, Robert Davies, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Thomas Harris from presiding over any further proceedings in the above-referenced case, now pending on the defendant's motion to withdraw his plea.
{¶2} Mr. Davies claims that in unrelated 2010 and 2014 proceedings, he witnessed-as a spectator in Judge Harris's courtroom-the judge act in a biased manner toward "persons of lesser socioeconomic status." According to Mr. *1279 Davies, he is also a person of lesser socioeconomic status and therefore questions the judge's ability to remain impartial toward him.
{¶3} Judge Harris has responded in writing to the affidavit and denies knowing Mr. Davies or his socioeconomic status. The judge also denies exhibiting bias or prejudice toward any litigant based on his or her race, sex, ethnicity, sexual orientation, socioeconomic status, religion, political affiliation, or any other reason.
{¶4} In disqualification requests, "[t]he term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " In re Disqualification of O'Neill, 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting State ex rel. Pratt v. Weygandt, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). Mr. Davies has not established that Judge Harris has hostility toward him combined with a fixed anticipatory judgment in the underlying case. Indeed, it appears that Mr. Davies has never appeared before Judge Harris, because a different judge accepted Mr. Davies's plea.
{¶5} Mr. Davies has also failed to establish that Judge Harris may be biased against him based on his socioeconomic status. Allegations of bias or harassment based on race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation strike at the heart of the judiciary and are among the most serious that can be directed at a judge. As a result, "such claims must be proven by clear evidence establishing the existence of bias." In re Disqualification of Donofrio , 135 Ohio St.3d 1253, 2012-Ohio-6338, 986 N.E.2d 13, ¶ 5. See also Jud.Cond.R. 2.3(B). Here, Mr. Davies provides no evidence, beyond speculation, to support his assertion that the judge's actions in the two unrelated cases were the product of bias based on socioeconomic status. Vague or unsubstantiated allegations are insufficient to establish bias or prejudice. In re Disqualification of Walker , 36 Ohio St.3d 606, 522 N.E.2d 460 (1988).
{¶6} "The statutory right to seek disqualification of a judge is an extraordinary remedy. A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." (Citation omitted.) In re Disqualification of George, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.
{¶7} The affidavit of disqualification is denied. The case may proceed before Judge Harris.