O'Connor, C.J.
*1242 {¶ 1} Defendant, Evans Cassell, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Gregory F. Singer from presiding over any further proceedings in the above-referenced case, now pending on Mr. Cassell's petition for postconviction relief.
{¶ 2} Mr. Cassell claims that Judge Singer allowed racial bias to permeate the underlying proceedings and especially sentencing, during which, Mr. Cassell claims, the victim's family made derogatory and racist remarks toward him.
{¶ 3} Judge Singer has responded in writing to the affidavit and denies any bias against Mr. Cassell. The judge acknowledges *847 that during sentencing, the victim's family and friends expressed displeasure with Mr. Cassell's decision to withdraw his guilty plea. But to the judge's knowledge, no one in the courtroom used a racial slur, and the judge states that no one reported the use of such language to him or his staff. Regardless, the judge notes that the use of such language would not have reflected on his ability to fairly and impartially preside over the underlying matter.
{¶ 4} In disqualification requests, "[t]he term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " In re Disqualification of O'Neill , 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting State ex rel. Pratt v. Weygandt , 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). Mr. Cassell has not established that Judge Singer has hostility toward him combined with a fixed anticipatory judgment in the underlying case. Indeed, it appears that Mr. Cassell's bias claims are based on the alleged actions of other people inside the judge's courtroom.
*1243 {¶ 5} To the extent that Mr. Cassell alleges that Judge Singer is biased because he condoned racist behavior, Mr. Cassell has failed to substantiate his claim. Allegations of bias or harassment based on race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation strike at the heart of the judiciary and are among the most serious that can be directed at a judge. As a result, such claims must be proved by evidence establishing the existence of bias. In re Disqualification of Donofrio , 135 Ohio St.3d 1253, 2012-Ohio-6338, 986 N.E.2d 13, ¶ 5 ; see also Jud.Cond.R. 2.3(B). Here, Mr. Cassell submitted no evidence, beyond the vague averments in his affidavit, to support his assertion that Judge Singer permitted racist language. And Judge Singer denies hearing any such language and denies that anyone reported the use of such language. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." In re Disqualification of George , 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. On this record, Mr. Cassell's vague and unsubstantiated allegations-especially considering the judge's response-are insufficient to overcome the presumption that Judge Singer is fair and impartial. See, e.g. , In re Disqualification of Baronzzi , 135 Ohio St.3d 1212, 2012-Ohio-6341, 985 N.E.2d 494, ¶ 7-8 ; In re Disqualification of Harwood , 137 Ohio St.3d 1221, 2013-Ohio-5256, 999 N.E.2d 681, ¶ 7.
{¶ 6} The affidavit of disqualification is denied. The case may proceed before Judge Singer.